THE PEOPLE OF THE STATE OF NEW YORK on Complaint of HENRY H. DIETCH, Respondent, v. MELVIN GOETZ, Appellant.

First Department, February 11, 1932.

*Louis Scadron* of counsel [*Milton M. Weintraub*, attorney], for the appellant.

*Joshua Egelson, Deputy Assistant District Attorney*, of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

McAvoy, J.  Defendant was convicted by judgment of the Court of Special Sessions of the offense of selling or offering to sell certain articles of merchandise known as " Special Combination Package Face Powder and Extract," which were contained in a package with a trade-mark and label of a corporation known as " Coty, Inc."  That company manufactured the face powder and extract and boxed the same to be sold in the special combination package.

It was charged in the information against the defendant that the trade-mark did not indicate the quantity, quality or character of the articles contained in the package, or the person manufacturing the same, because the seal of the package had been broken, the extract removed without the consent of the manufacturing corporation, Coty, Inc., and that the statement on the label " Special Combination Package Face Powder and Extract " was false, because the package contained face powder only, and that defendant was aware of that fact.

The information also charged in a second count that defendant knowingly sold and offered for sale an article of merchandise represented to be the manufacture, packing, boxing and product of a person other than himself and not contained in the original package and box, nor under the labels and marks placed thereon by the manufacturer entitled to use such marks, names or trade-marks.

The conviction sought was based on section 2354 of the Penal Law, entitled " Offenses against trade-marks," the People contending that the act of the defendant, in making the sale or offer of sale, violated subdivisions 5 and 6 of that section.  So far as that section is said to apply, it reads as follows:

"A person who   *   *   *

" 5. Makes or sells, or offers to sell or dispose of, or has in his possession with intent to sell or dispose of, an article of merchandise with such a trade-mark or label as to appear to indicate the quantity, quality, character, place of manufacture or production, or persons manufacturing, packing, bottling, boxing or producing the article, but not indicating it truly; or,

" 6. Knowingly sells, offers or exposes for sale, any goods which are represented in any manner, by word or deed, to be the manufacture, packing, bottling, boxing or product of any person, firm or corporation, other than himself, unless such goods are contained in the original packages, box or bottle and under the labels, marks

or names placed thereon by the manufacturer who is entitled to use such marks, names, brands, or trademarks; * * * is guilty of a misdemeanor * * *."

We do not think the conviction can be sustained under either of these counts. The proof shows that the complaining witness went to the premises where defendant was employed, the Royal Sundries Corporation, and asked defendant whether he had for sale an article known as " Coty's Special Combination." Defendant produced a sample and stated unequivocally to the complainant that he had the combination package unsealed, but had removed from the package an article that had been contained therein known as the " Extract," but that he would sell to the proposed purchaser the face powder at the price of six dollars and seventy-five cents per dozen. The two articles, consisting of the face powder and the extract, were listed to be sold at eight dollars and fifty cents per dozen. Complainant said he would take a dozen packages and defendant delivered to him the ordered amount of face powder, and upon the bill for the goods, which he requested, there was marked, " One Dozen Coty's Face Powder $6.75."

Defendant made no attempt to fraudulently represent to the purchaser that he was receiving the combination of the two articles. He was told that the package contained face powder only. The label was not tampered with, obliterated or in any wise changed. The packing or the contents of the article under the trade-name " Coty " was unchanged. The article was genuine, the quantity was not short in weight or measure, and the package contained the face powder sold under the trade-mark of " Coty."

There being no intent on the part of the defendant to defraud, indicated in any of these acts, and the mere selling of the separate articles from the one package not being prohibited by law, the proof offered showed no offense against the statute and the defendant should have been acquitted.

The judgment should be reversed, the information dismissed, and the defendant discharged.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Judgment reversed, the information dismissed and the defendant discharged.