PINAUD INCORPORATED, Plaintiff, *v.* BEAUX ARTS CHEMISTS CORP., Also Known as " STEINBROOK PHARMACY," Defendant.

Supreme Court, Special Term, New York County, March 1, 1939.

*Proskauer, Rose & Paskus* [*David L. Katz* and *Albert L. Solodar* of counsel], for the plaintiff.

*I. Stutz Drosnes*, for the defendant.

STEUER, J. Plaintiff is a manufacturer of toilet preparations. Defendant is a retail druggist. Two of plaintiff's products are involved on this motion but as the facts in both are the same only one will be referred to. Among other preparations plaintiff and its predecessors have been manufacturing a hair tonic called " Eau de Quinine " for many years and have advertised it widely. In 1936 plaintiff brought out a new product called " Pinaud Shampoo." Plaintiff decided to introduce this product to the public by selling it to retailers, with the obvious intention of their reselling it to the public, in combination with its Eau de Quinine tonic. The price charged to a retailer for a combination package containing one bottle of each preparation was the same price previously charged for a bottle of the hair tonic. On the labels of the hair tonic bottles a statement was printed that the purchaser was entitled to a free bottle of the shampoo of the value of fifty cents and on the label of the shampoo bottle the customer was informed that the bottle was free to a purchaser of the tonic. The terms of these offers were made quite clear to retailers but plaintiff did no general advertising to the public in regard to this situation. Defendant is charged with selling the units of the combination separately which is part of the conduct plaintiff seeks to restrain. Before making such sales defendant erased from the labels the words

descriptive of the combination offer. It should be noted that the hair tonic is the same as was sold prior to the combination offer and plaintiff has made no provision for stocks of the same which defendant or any other retailer had on hand prior to the combination offer.

The claim is that defendant's conduct constitutes unfair competition in that it injures plaintiff's reputation or good will. The specific charge of injury is that a purchaser of either the tonic or the shampoo would learn of the combination offer, conclude that he had been cheated, and lay the blame on plaintiff. Or else he would conclude that the combination offer was not genuine. Either conclusion would affect plaintiff's reputation adversely. But it should be borne in mind that one who after the combined products were on the market, bought a bottle sold to the retailer prior to the combination offer would be similarly influenced on learning of the offer. And this would result without any act of the retailer which could possibly be construed as unfair. The only distinction between a purchase of a bottle sold by the retailer from combined stock and one sold by him from stock previously acquired is when knowledge of the combination offer comes to the purchaser coincidently with information that the particular package he bought was a part of that offer. When after the purchase the customer learns from printed matter on or in the package that he has not received all that was offered to him at the price he paid, then the retailer does damage to the manufacturer and is subject to injunctive restraint. (*Weissbard* v. *Coty, Inc.*, 66 F. [2d] 559.) Unfair competition is not limited to this instance. Where, however, there are goods in the hands of the retailer for which the manufacturer has made no provision he can only be damaged where the package itself tells the customer that he is not receiving all to which his money entitled him.

It is also claimed that the defendant here should be enjoined because he agreed to sell the products in combination. Proof of the agreement is not such as would warrant the relief.

Lastly, it is asserted that the erasure of the combination offer from the labels gives rise to the relief. It is claimed that this is a violation of section 2354 of the Penal Law, subdivision 6 of which provides that one who sells goods represented to be the manufacture of another unless contained in the original package and " under the labels, marks or names placed thereon by the manufacturer who is entitled to use such marks, names, brands or trademarks " is guilty of a misdemeanor. The sole violation charged under this section is the removal from the containers of the printed information of the combination offer. It is quite clear that the section

aims against deception of a customer and is to be read in this light. The original package mentioned in the section remains the original package even though it may be somewhat altered as by having the seal broken. (*People [Complaint of Dietch]* v. *Goetz*, 234 App. Div. 421.) Plaintiff has no property right in the words used which were removed. In fact its only claim is that in removing these words, in some instances, defendant somewhat defaced the trade-mark. An examination of the samples submitted shows that in certain of them an occasional word was obscured but in no case was this a possible cause of confusion. The plaintiff's trade-mark was in no material sense interfered with.

Motion is denied.