Mario Pittoni, J.
Plaintiff moves for a temporary injunction forbidding the defendant from buying, displaying, offering for sale at retail, or selling at retail Miss Clairol Hair Color Bath or any product manufactured or distributed by Clairol Incorporated and bearing any of its trade-marks or trade names which (1) is not labeled in accordance with the requirements of the Federal Food, Drug and Cosmetic Act and the New York Education Law; or (2) does not bear adequate instructions as furnished by the plaintiff; or (3) is not enclosed in the original, single bottle carton in which each such product was placed by Clairol Incorporated; or (4) is not accompanied by the package insert placed by Clairol Incorporated in the carton for general sale to the public; or (5) bears or did bear labeling placed thereon by Clairol Incorporated which has in any way been defaced, removed, altered, amended or supplemented by persons other than Clairol Incorporated.
The specific grounds for the relief sought are that the defendant is selling products of the plaintiff to the general public for its use without the packaging and the labeling which the plaintiff has designed and distributes to enclose and accompany its products when sold for such use. As a result, the defendant presents these products to the general consuming public in a form which (1) violates the Federal Food, Drug and Cosmetic Act and the New York State Education Law; (2) omits instructions necessary to assure proper and fully satisfactory results from these products; and (3) degrades and cheapens the appearance of these products in the eyes of the public. This, says the plaintiff, is detrimental and dangerous to the public, and is injurious or potentially injurious to the plaintiff’s good will and business reputation.
*876 It is fundamental that one may not resell another’s product where, because of the condition of the product or because of the omission of necessary information, customers are likely to be deceived and the manufacturer’s reputation adversely affected. Indeed, by statute now, “ Likelihood of injury to business reputation * * * shall be a ground for injunctive relief ’ ’ (General Business Law, § 368-d). Furthermore, it is unlawful to sell “ any goods which are represented in any manner * * * to be the manufacture, packing, bottling, boxing or product of any # * * person * * * other than himself, unless such goods are contained in the original packages, box or bottle and under the labels, marks or names placed thereon by the manufacturer who is entitled to use such marks, names” (Penal Law, § 2354, subd. 6). This section has been held to be available as the foundation for civil remedy and for a civil injunction (Lanvin Parfums v. Le Dans, Ltd., 9 N Y 2d 516, 523).
The plaintiff has established to my satisfaction that defendant’s sale to the general public of single bottles of Miss Clairol Hair Color Bath labeled for the beauty trade not only violates the sections of law mentioned above, but also the New York Education Law (§ 6810, subd. 1), and the United States Food and Drug Law (U. S. Code, tit. 21, § 361), thus exposing the plaintiff to possible legal action by New York State and by the United States Government.
It follows that the plaintiff is entitled, among others, to protection from prosecution for the acts of others, and to the protection of its trade name and reputation, but also to assistance in protecting its customers from undeserved and unwarranted danger of injury generated by others. The threatened damage to the plaintiff and its customers appears to be irreparable and a temporary injunction is justified.
The motion for a temporary injunction, as requested in the notice of motion, is granted.