**DOODLETOP COMPANY, Plaintiff,**

v.

**PARADISE CREATIONS, INC. and Ira Hochroth, Defendants.**

**No. 93 Civ. 873 (JFK).**

United States District Court, S.D. New York.

May 27, 1993.

Cooper & Dunham, New York City (Lewis H. Eslinger, Robert B.G. Horowitz, Wendy E. Miller, of counsel); for plaintiff.

Blum Kaplan, New York City (Steven B. Pokotilo, of counsel), for defendants.

### OPINION AND ORDER

KEENAN, District Judge:

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), defendants have moved to dismiss plaintiff's fourth cause of action for failure to state a claim. Defendants assert that no private right of action exists under Section 33.09 of the New York Arts and Cultural Affairs Law, the basis for plaintiff's fourth claim. For the reasons set forth below, defendants' motion to dismiss is denied.

### BACKGROUND

Plaintiff, Doodletop Company, is a limited partnership organized and existing under the laws of California and with its principal place of business in California. Defendant Paradise Creations, Inc. is a Florida corporation with a business in New York. Defendant Ira Hochroth is a Florida resident.

Doodletop has manufactured and sold toys, including spinning tops, since 1990 under the trademark "Doodletop" and with a design trademark of a Doodletop toy spinning top on the products' packaging. Plaintiff claims that the trade dress of its spinning tops and its design trademark are fanciful, distinctive, and well-recognized, while representing both the source of Doodletop's spinning tops and accessories and its substantial goodwill throughout the United States. *See* Amended Complaint ¶ 12. Doodletop alleges that defendants copied its toy spinning tops and have manufactured and sold these copies under the name "Scribble Tops." Doodletop also alleges that defendants have improperly marked their products as being subject to

U.S. Patent No. 4,681,471. *See id.* ¶ 20. Based upon these allegations, Doodletop has brought claims against defendants under (1) Section 43(a) of the Lanham Act, (2) Section 292 of the U.S. Patent Law for false marking, *see* 35 U.S.C. § 292, (3) Section 368–d of the New York General Business Law, and (4) Section 33.09 of the New York Arts and Cultural Affairs Law, which is the only claim at issue in this motion.

## DISCUSSION

■ The sole issue before the Court is whether a private right of action exists under Section 33.09 of the New York Arts and Cultural Affairs Law.[1] Defendants argue that the only court to address this exact issue, *P.F. Cosmetique, S.A. v. Minnetonka Inc.,* 605 F.Supp. 662, 673 (S.D.N.Y.1985), found that no private right exists. In that case, the court denied plaintiffs a preliminary injunction under Section 33.09 because plaintiffs had failed to point the court to "any authority indicating that the State Legislature intended that section 33.09 be enforced by private parties in civil actions." *Id.* As Judge Leisure noted:

> [I]t is impossible for me to enjoin conduct at plaintiffs' behest if they have not proved to me the existence of a private right of action authorizing them to request such an injunction.

*Id.*

■ In this case, however, plaintiff has cited to several authorities that have recognized a private right of action under Section 33.09 of the New York Arts and Cultural Affairs Law. Under this statute, or its identical predecessors, Section 279–n of the New York General Business Law and subdivision 6 of the former New York Penal Law § 2354, *see El Greco Leather Products Co. v. Shoe World, Inc.,* 599 F.Supp. 1380, 1396 (E.D.N.Y.1984), *rev'd on other grounds,* 806 F.2d 392 (2d Cir.1986), New York courts have permitted applications for injunctive relief from allegedly criminal conduct directed towards plaintiff's property rights, trademark and good will. *See, e.g., Lanvin Parfums, Inc. v. Le Dans, Ltd.,* 9 N.Y.2d 516, 523, 215 N.Y.S.2d 257, 261, 174 N.E.2d 920, *cert. denied,* 368 U.S. 834, 82 S.Ct. 58, 7 L.Ed.2d 35 (1961) (allowing injunction under Penal Law § 2354(6)); *Clairol, Inc. v. L.H. Martin Value Center, Inc.,* 40 Misc.2d 875, 876, 244 N.Y.S.2d 210, 212 (N.Y.Sup.Ct.1963) (recognizing right to civil injunction under N.Y. Penal § 2354); *Pinaud, Inc. v. Beaux Arts Chemists Corp.,* 170 Misc. 583, 586, 10 N.Y.S.2d 893, 896 (N.Y.Sup.Ct.1939) (denying civil injunction under N.Y. Penal § 2354 because plaintiff lacked property right in words protected by trademark); *Coty v. Prestonettes, Inc.,* 285 F. 501, 513–15 (2d Cir.1922), *rev'd on other grounds,* 264 U.S. 359, 44 S.Ct. 350, 68 L.Ed. 731 (1924); *El Greco,* 599 F.Supp. at 1396 (citing *Lanvin Parfums* and involving Section 279–n, which is now covered by Section 33.09); *see also People ex rel. Bennett v. Laman,* 277 N.Y. 368, 383, 14 N.E.2d 439, 445 (1938) (providing list of statutes under which civil injunctions are available, including Penal Law § 2357 to enjoin use of a trademark). Equitable considerations allow a court in a civil matter to enjoin activity based upon a criminal statute:

> Whether or not the act sought to be enjoined is a crime is immaterial. Equity does not seek to enjoin it simply because it is a crime; it seeks to protect some proper interest. If the interest sought to be protected is one of which equity will take cognizance, it will not refuse to take jurisdiction on the ground that the act which invades the interest is punishable by the

---

1. Section 33.09, entitled "Offenses Against Trademarks," states that it is a misdemeanor for a person who:

"[k]nowingly sells, offers or exposes for sale, any goods which are represented in any manner, by word or deed, to be the manufacture, packing, bottling, boxing or product of any person, firm or corporation, other than himself, unless such goods are contained in the original package, box, or bottle and under the labels, marks or names placed thereon by the

manufacturer who is entitled to use such marks, names, brands, or trademarks...." N.Y. Arts & Cult. Aff. § 33.09(6). Section 279–n of the New York General Business Law, repealed in 1983, and subdivision 6 of former New York Penal Law § 2354, both predecessors to Section 33.09, contained the identical provisions as those found in Section 33.09 today. *See El Greco Leather Products Co. v. Shoe World, Inc.,* 599 F.Supp. 1380, 1396 (E.D.N.Y.1984), *rev'd on other grounds,* 806 F.2d 392 (2d Cir.1986).

penal statute of the State. Equity does not pretend to punish the perpetrator for the act; it attempts to protect the right of the party ... seeking relief, and to prevent the performance of the act or acts....

*People ex rel. Bennett v. Laman,* 277 N.Y. at 376, 14 N.E.2d at 442.

Defendants assert that the rules of statutory construction require that the Complaint's fourth count be dismissed. As defendants point out, the New York Legislature enacted Section 33.09 without expressly providing a private right of action, even though several New York courts had determined that such a private right existed under the Section 33.-09's predecessors. According to defendants, this signifies that the Legislature did not intend Section 33.09 to permit private, civil injunctions. Nevertheless, given that seven decades have passed since a New York court first found a private right of action arising out of statutory language identical to that found in Section 33.09, it is more persuasive that there is no express language that takes away this long-recognized right in New York. If the Legislature had intended to eradicate this private right, it is unlikely that it would have copied the identical provisions from statutes that had already been interpreted as permitting private enforcement.

The Court has reviewed defendants remaining arguments and finds them to be without merit.

### CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is denied. Discovery will be referred to Magistrate Judge Roberts. Discovery is to proceed and to be concluded by November 5, 1993. Counsel are to appear for a status conference on November 8, 1993 at 11:00 a.m.

**SO ORDERED.**